United States District Court
Northern District of California

1

2

3

4

5          IN THE UNITED STATES DISTRICT COURT

6          FOR THE NORTHERN DISTRICT OF CALIFORNIA

7

8     USA,                                        Case No. 16-cr-00430-CRB-1

9                    Plaintiff,

10          v.                                     **ORDER DENYING COMPASSIONATE
                                                   RELEASE**
11    JOHNSON,

12                   Defendant.

13          Terrance Johnson has moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A).

14    See generally Mot. (dkt. 43).  The Court determines that Mr. Johnson has not satisfied the

15    requirements of that statute or the applicable Sentencing Commission policy statement.  See

16    U.S.S.G. § 1B1.13 cmt n.1.  Mr. Johnson's motion for compassionate release is therefore denied.

17    The Court determines that there is no need for oral argument.

18          18 U.S.C. § 3582(c)(1)(A) provides that a "court may not modify a term of imprisonment

19    once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon

20    motion of the defendant."  A defendant may bring a § 3582(c) motion after he has "fully exhausted

21    all administrative rights to appeal a failure of the Bureau of Prisons" to bring the motion on his

22    behalf, or after "the lapse of 30 days from the receipt of such a request by the warden of the

23    defendant's facility, whichever is earlier."  18 U.S.C. § 3582(c)(1)(A).[1]

24          After considering the sentencing factors set forth in 18 U.S.C. § 3553(a) "to the extent that

25    they are applicable," a court may grant a § 3582(c) motion to reduce a defendant's sentence "if it

26

27    [1] The parties agree that Mr. Johnson satisfied § 3582(c)(1)(A)'s exhaustion requirement.  See
      Mot. at 4; Opp'n (dkt. 47) at 2.  On July 22, 2020, Mr. Johnson requested that his facility's Acting
28    Warden move for his release, and on September 2, 2020, the Warden denied his request.  See
      Karmel Dec'l. (dkt. 48-2) at 2–3.

United States District Court
Northern District of California

1    finds that . . . extraordinary and compelling reasons warrant such a reduction," id.

2    § 3582(c)(1)(A)(i), or if "the defendant is at least 70 years of age" and meets certain additional

3    requirements, id. § 3582(c)(1)(A)(ii).  A sentence reduction under § 3582(c) must be "consistent

4    with applicable policy statements issued by the Sentencing Commission."  Id. § 3582(c)(1)(A); see

5    also Dillon v. United States, 560 U.S. 817, 819 (2010) (holding that the Sentencing Commission

6    policy statement applicable to 18 U.S.C. § 3582(c)(2) remains mandatory after United States v.

7    Booker, 543 U.S. 220 (2005)).

8         Although § 3582 does not define the term "extraordinary and compelling reasons," the

9    Sentencing Commission has enumerated circumstances constituting "extraordinary and

10   compelling reasons" to reduce a defendant's sentence.  See U.S.S.G. § 1B1.13 cmt n.1.  As

11   relevant here, if the defendant suffers from "a terminal illness (i.e., a serious and advanced illness

12   with an end of life trajectory)" or "a serious physical or mental condition, . . . serious functional or

13   cognitive impairment, or . . . deteriorating physical or mental health because of the aging process

14   . . . that substantially diminishes the ability of the defendant to provide self-care within the

15   environment of a correctional facility and from which he or she is not expected to recover," the

16   "extraordinary and compelling reasons" standard is satisfied.  See U.S.S.G. § 1B1.13 cmt.

17   n.1(A)(i)(i)–(ii).[2]

18        The Sentencing Commission has also directed that a court may grant compassionate

19   release only if it determines that "[t]he defendant is not a danger to the safety of any other person

20   or to the community, as provided in 18 U.S.C. § 3142(g)."  U.S.S.G. § 1B1.13(2).  Section

21   3142(g), in turn, requires courts to "take into account" four factors when determining the

22   defendant's dangerousness: (1) "the nature and circumstances of the offense charged," (2) "the

23   weight of the evidence against the person," (3) "the history and characteristics of the person," and

24

---

25   [2] The standard is also satisfied if "[t]he defendant (i) is at least 65 years old; (ii) is experiencing a
     serious deterioration in physical or mental health because of the aging process; and (iii) has served
26   at least 10 years or 75% of his or her term of imprisonment, whichever is less," U.S.S.G. § 1B1.13
     cmt. n.1(B), or in certain circumstances requiring the defendant to care for minor children or a
27   spouse or registered partner, id. § 1B1.13 cmt. n.1(C).  Finally, a catch-all provides for relief if the
     Director of the Bureau of Prisons determines that "there exists in the defendant's case an
28   extraordinary and compelling reason other than, or in combination with," the above-described
     circumstances.  Id. § 1B1.13 cmt. n.1(D).

United States District Court
Northern District of California

1    (4) "the nature and seriousness of the danger to any person or the community that would be posed

2    by the person's release."  18 U.S.C. § 3142(g).

3           Mr. Johnson has not satisfied these requirements.  Because Mr. Johnson is 36 years old,

4    see PSR (dkt. 21) at 3, he must show "extraordinary and compelling reasons" for a sentence

5    reduction, see 18 U.S.C. § 3582(c)(1)(A)(i).  Mr. Johnson contends that his medical conditions

6    warrant his early release in light of the COVID-19 pandemic.  Mot. at 1.  He points to his sinus

7    arrhythmia, hypertension, depression, and premature birth.  Reply (dkt. 51) at 5–10.  The Court

8    has reviewed Mr. Johnson's medical records and finds that Mr. Johnson may be suffering from

9    hypertension, though his August 20, 2020 appointment (where he complained of hypertension)

10   revealed no significant findings.  Exhibit 1-A (dkt. 51-1) at 1.  Regardless, CDC guidance suggests

11   that common hypertension might not be an increased risk factor.  Although the CDC states that

12   hypertension has "been associated with increased illness severity and adverse outcomes," see

13   CDC, "Interim Clinical Guidance for Management of Patients with Confirmed Coronavirus

14   Disease (COVID-19)," updated Sept. 10, 2020, available at

15   https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-guidance-management-patients.html

16   (last visited Sept. 23, 2020), the CDC also states that "it is unclear at this time if hypertension is an

17   independent risk factor for severe illness from COVID-19," see CDC, "Clinical Questions About

18   COVID-19: Questions and Answers," updated Aug. 4, 2020, available at

19   https://www.cdc.gov/coronavirus/2019-ncov/hcp/faq.html#patients-with-hypertension (last visited

20   Sept. 23, 2020).  And although pulmonary hypertension is a risk factor, see CDC, "People with

21   Certain Medical Conditions," updated Sept. 11, 2020, available at

22   https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/groups-at-higher-risk.html

23   (last visited Sept. 23, 2020), Mr. Johnson does not claim to have pulmonary hypertension.  Nor

24   does Mr. Johnson have other serious medical conditions.  Nothing indicates that the chest pain and

25   sinus arrhythmia that Mr. Johnson experienced in February 2020 have persisted.  And the CDC

26   does not recognize either depression or premature birth as risk factors for adults.  See id.

27          Because the Court concludes that Mr. Johnson has not shown "extraordinary and

28   compelling reasons" for a sentence reduction, the Court need not consider whether Johnson is a

3

1   danger to the community under 18 U.S.C. § 3142(g).

2       For the foregoing reasons, Mr. Johnson's Motion for Compassionate Release is denied.

3   **IT IS SO ORDERED.**

4   Dated: September 24, 2020



CHARLES R. BREYER
United States District Judge

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

United States District Court
Northern District of California