IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| USA,<br><br>        Plaintiff,<br><br>    v.<br><br>JOHNSON,<br><br>        Defendant. | Case No. 16-cr-00430-CRB-1<br><br>**ORDER DENYING COMPASSIONATE RELEASE** |

On December 22, 2020 Terrance Johnson moved for compassionate release under 18 U.S.C. § 3582(c)(1)(A) for the second time. See Second Mot. for CR (dkt. 56); Order Denying First Mot. for CR (dkt. 55). The Court determines that Mr. Johnson has not satisfied the exhaustion requirements of the statute. See 18 U.S.C. § 3582(c)(1)(A). Mr. Johnson's motion for compassionate release is therefore denied. The Court determines that there is no need for oral argument.

18 U.S.C. § 3582(c)(1)(A) provides that a "court may not modify a term of imprisonment once it has been imposed except . . . upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant." A court may modify a term of imprisonment "upon motion of the defendant" only

> after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier.

18 U.S.C. § 3582(c)(1)(A).

Mr. Johnson has not satisfied these requirements. Mr. Johnson "submitted a letter to the warden of FCI Safford on December 17, 2020, renewing Mr. Johnson's request for Compassionate

1 Release." Second Mot. for CR at 2 n.1.  Mr. Johnson has not indicated that he received any

2 decision before filing his motion, let alone that he has exhausted his administrative rights to appeal

3 an adverse decision, and 30 days did not elapse before Mr. Johnson moved for relief.  See 18

4 U.S.C. § 3582(c)(1)(A).

5       Mr. Johnson acknowledges that if considered independently, his latest motion would not

6 satisfy § 3582(c)(1)(A)'s exhaustion requirements.  But he argues that because his first motion for

7 compassionate release satisfied the statute's exhaustion requirements, see Order Denying First

8 Mot. for CR at 1 n.1, Mr. Johnson's "renewed" motion need not independently satisfy those

9 requirements, see Second Mot. for CR at 2 n.1; Reply (dkt. 61) at 2–4.

10       This argument fails based on § 3582(c)(1)(A)'s plain language.  The Court can grant the

11 relief Mr. Johnson seeks "upon motion of the defendant," and in order to bring such a motion, Mr.

12 Johnson must meet the statute's exhaustion requirements.  The statute provides no exception for

13 Defendants who previously brought similar motions.  And a defendant may not circumvent the

14 exhaustion requirements by recharacterizing a second motion asserting new facts and arguments as

15 a mere renewal of the first motion.

16       For the foregoing reasons, Mr. Johnson's Motion for Compassionate Release is denied.

17 **IT IS SO ORDERED.**

18 Dated: January 5, 2021



19 CHARLES R. BREYER
United States District Judge